UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH J. WILTZ, JR.

VERSUS

MAYA WELCH, ET AL

CIVIL ACTION

NUMBER 13-420-SCR

# RULING ON PLAINTIFFS' MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE, MOTION TO AMEND JUDGMENT

Before the court is the Plaintiff's Motion for New Trial or in the Alternative, Motion to Amend Judgment. Record document number 66. The motion is opposed.[1]

This diversity case was tried before a jury on October 6 and 7, 2014. Plaintiff filed suit against the defendants to recover under Louisiana law for personal injuries and damages sustained as a result of a motor vehicle accident that occurred on February 8, 2013. Plaintiff presented evidence and argued to the jury that he should be awarded damages for past and future medical expenses, loss of income, and past and future pain and suffering and loss of enjoyment of life. Defendants admitted that Maya Welch, the driver of the vehicle that struck the truck the plaintiff was driving, was at fault. Defendants presented evidence at trial and argued that the injuries for which the plaintiff was seeking damages either existed prior to the accident or were not caused by or related to the accident. Therefore, the defendants maintained that the jury

---

[1] Record document number 69.

should not award the plaintiff any of the damages he was seeking.

After deliberating for approximately one hour and forty minutes, the jury returned a verdict in favor of the plaintiff, answering in the affirmative that Welch's negligence was a legal cause of injury to the plaintiff. However, the jury awarded the plaintiff only the total amount of his past medical expenses, $21,607.80. The jury did not award the plaintiff any amount for future medical expenses, loss of income, or pain and suffering/loss of enjoyment of life.[2]

After judgment was entered on October 9, 2014 in accordance with the jury's verdict, the plaintiff timely filed the present motion under Rule 59, Fed.R.Civ.P., asking the court to grant an additur, or in the alternative to grant a new trial on the issue of damages.[3] Defendants urged the court to uphold the jury's verdict and deny the plaintiff's motion for a new trial or additur.

Based on the applicable law and the analysis that follows, the plaintiff's motion is denied.

## **Applicable Law**

A Rule 59(e) motion to alter or amend a judgment is silent as

---

[2] Record document number 64, Special Verdict Form.

[3] Plaintiff stated in his motion that he was moving for a new trial under Rule 59, or alternatively for relief under Rule 60, Fed.R.Civ.P. Record document number 66, p. 1. However, in his memorandum the plaintiff cited only Rule 59. The substance and timing of the plaintiff's motion shows that the plaintiff seeks relief under Rule 59(a) and 59(e).

2

to the grounds that justify altering or amending a judgment, but Rule 60(b) lists six grounds for relief from a judgment. The question of whether Rule 59 or Rule 60 applies to a motion turns on the time when the motion is served. If the motion is filed no later than 28 days after the entry of judgment, it is correctly considered under Rule 59(e). Nevertheless, Rules 59(e) and 60(b) permit the same relief — a change in the judgment. A Rule 59(e) motion calls into question the correctness of a judgment. The usual grounds for relief under Rule 59(e) are correction of manifest errors of law or fact on which the judgment is based, consideration of newly discovered evidence, prevention of manifest injustice, or an intervening change in controlling law. The motion must request a substantive alteration of the judgment, not merely the correction of a clerical error. Rule 59(e) is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *See, In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Sentry Select Ins. Co. v. Home State County Mut.Ins.Co.*, 582 Fed. Appx. 282 (5th Cir. 2014); *Williams v. Thaler*, 602 F.3d 291, 303-304 (5th Cir. 2010); 11 Wright, Miller & Kane, § 2810.1 (3d ed.).

Under Rule 59(a)(1)(A) the court may, on motion, grant a new trial on all or some of the issues after a jury trial, for any

reason for which a new trial has been granted in an action at law in federal court. In a diversity action in which Louisiana law applies, a motion for new trial under Rule 59(a) based on an excessive or inadequate jury award is governed by Louisiana state law. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 419, 116 S.Ct. 2211 (1996); *Fair v. Allen*, 669 F.3d 601, 604 (Cir. 2012); *Matheny v. Chavez*, 2014 WL 6601029 (5th Cir., Nov. 21, 2014).

> Under the Louisiana Civil Code, a party is entitled to a new trial when the verdict or judgment appears clearly contrary to the law and the evidence. In construing such a motion Louisiana gives the jury high deference. This is because a motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light. The jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence.

*Matheny*, *supra.* (internal quotations and citations omitted).

Under Louisiana law there is no rule that it is legal error to award special damages without general damages. While a jury verdict awarding medical expenses but simultaneously denying damages for pain and suffering will often be inconsistent when the record is examined, under certain circumstances the evidence may support both an award of medical expenses and a concurrent denial of general damages. After consideration of all the evidence, a jury can reasonably reach the conclusion that a plaintiff has proven he is entitled to recover certain medical costs, yet failed to prove that he endured compensable pain and suffering as a result of the defendant's fault. *Id.; Wainwright v. Fontenot*, 774 So.2d

4

70, 75 (La. 2000); *Green v. K-Mart Corp.*, 874 So.2d 838, 843 (La. 2004). The ultimate question is whether the factfinder made inconsistent awards and thus abused its discretion. *Id.*

## Analysis

### Rule 59(e) Motion to Alter or Amend the Judgment

Citing proposed jury instruction P-13, the plaintiff asserted that the jury was instructed it could not award special damages for personal injuries and refuse to award any amount in general damages, which includes pain and suffering, when the injuries present objective symptoms. Therefore, plaintiff argued, it was legal error for the jury not to award general damages, and the court should grant an additur for the elements of damage the jury failed to award.

Well-established Louisiana and federal law prevent the court from granting any relief to the plaintiff under Rule 59(e). Plaintiff's jury instruction P-13 was submitted by the plaintiff but was not included in the instructions given to the jury. When given the opportunity, the plaintiff did not object to the absence of this instruction from the charges given to the jury at the close of the case. Moreover, it was not legal error to omit this instruction from the jury charge. As established in the Louisiana Supreme Court case cited by the plaintiff, *Wainwright v. Fontenot*, there is no rule in Louisiana that it is legal error for the jury to award special damages without also awarding general damages.

5

Thus, to the extent the plaintiff argued he is entitled to relief under Rule 59(e) because the judgment is based on a manifest error of law, that argument must be rejected in light of *Wainwright* and the instructions given to the jury.

Second, in a case tried before a jury in federal court where the amount of damages are disputed, the Seventh Amendment to the U.S. Constitution prohibits an additur to increase the amount of damages awarded by a jury. *Dimick v. Schiedt,* 293 U.S. 474, 55 S.Ct. 296 (1935); *Taylor v. Green*, 868 F.2d 162, 163-64 (5th Cir. 1989); *Matheny*, *supra*.[4] Thus, based on the Seventh Amendment and these precedents, the court cannot grant the plaintiff relief under Rule 59(e) by making an award for the categories of damages the jury declined to award.

**Rule 59(a) Motion for New Trial on Damages**

Giving the required deference to the jury's factual findings and credibility determinations, the court cannot conclude that the jury's decision not to award the plaintiff damages for pain and suffering, future medical expenses and lost wages was inherently inconsistent and not supported by a fair interpretation of the evidence. As explained by the defendants, considering the testimony and exhibits introduced at trial, in particular the testimony of the plaintiff and the doctors regarding the

---

[4] The only exception is where the jury has properly determined liability and there is no genuine factual dispute as to the amount of damages. *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 701-02 (5th Cir. 2012).

6

plaintiff's prior injuries, complaints and lawsuits, it is apparent from the jury's refusal to award an amount for these categories of damages, that the jury found the plaintiff was not credible with regard to the injuries/pain and suffering he claimed were caused by the accident.

The jury's credibility and factual findings are not illogical or inconsistent with their initial finding of legal cause for the plaintiff's past medical expenses. On the contrary, given the fact that the defendants stipulated that Welch's fault caused the accident, the jury's findings were a fair and reasonable interpretation of the evidence. The jury could reasonably conclude that the plaintiff proved he should recover certain medical costs because, but for the accident he would not have had a reason to seek medical treatment from the doctors. And at the same time, because the plaintiff was not credible he failed to prove he endured any compensable pain and suffering or lost wages, or would incur any future medical costs as a result of the accident.

Accordingly, the Plaintiff's Motion for New Trial or in the Alternative, Motion to Amend Judgment is denied.

Baton Rouge, Louisiana, February 3, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE