UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSEPH J. WILTZ, JR.**  CIVIL ACTION

**VERSUS**  NO. 13-420-EWD

**MAYA WELCH, ET AL.**  CONSENT CASE

## ORDER

Before the Court is a Petition for Concursus and for Leave to Deposit Funds in the Registry of the Court[1] (the "Concursus Petition") and an Ex Parte Motion to Withdraw/Strike Previously Filed Pleadings, and Substitute Attached Pleadings for Same (the "Ex Parte Motion"),[2] both filed by George R. Tucker, individually and on behalf of Tucker Law Firm, counsel for Joseph J. Wiltz, Jr. ("Plaintiff"). For the reasons that follow, the Ex Parte Motion is **GRANTED.** The Concursus Petition is **DENIED without prejudice**.

### I.  Background

In the Concursus Petition, Mr. Tucker asserts that he represented the Plaintiff in the underlying car accident case, in which Plaintiff was awarded $23,099.23.[3] Mr. Tucker further asserts that Plaintiff appealed that judgment to the Fifth Circuit, which affirmed the award and assessed Plaintiff with the costs of the appeal, which totaled $1,539.05.[4] According to the Concursus Petition, Mr. Tucker seeks "leave to deposit settlement funds of $21,560.18 in the matter and invoke the Concursus proceeding" under Louisiana Code of Civil Procedure article

---

[1] R. Doc. 92.
[2] R. Doc. 93.
[3] R. Doc. 92 at ¶ 6 (*citing* R. Doc. 92-2). A review of the docket, as well as the Judgment attached to and cited in the Petition, shows that on October 9, 2014, District Judge James J. Brady issued a Judgment awarding Plaintiff $21,607.80. (R. Docs. 65 and 92-2).
[4] R. Doc. 92 at ¶ 8, *See*, R. Doc. 90. The Court notes that the record reflects that the Fifth Circuit assessed Plaintiff with costs in the amount of $77.55. (R. Doc. 90 at 10).

4651, *et seq*.[5] Mr. Tucker asserts that Plaintiff was forced to undergo medical treatment from a number of health care providers as a result of the underlying car accident and that these health care providers, as well as insurers, "have privileges to the funds represented in this settlement."[6] Mr. Tucker explains that these health care providers are named as defendants in the Concursus Petition. The Ex Parte Motion seeks leave to substitute the Concursus Petition and proposed Order[7] pursuant to a request to do so by the Clerk's Office.[8] The proposed Petition for Concursus and Request for Leave to Deposit Funds in the Registry of the Court[9] appears to be identical to the original Concursus Petition.

## II. Applicable Law and Analysis

Federal courts are courts of limited jurisdiction. The Concursus Petition fails to allege the basis for subject matter jurisdiction over Mr. Tucker's request to deposit funds into the registry of this Court. In the Concursus Petition, Mr. Tucker asserts that, "This Concursus action is brought under Articles 4651, et seq, of the Louisiana Code of Civil Procedure."[10] A Louisiana concursus action is an action in the nature of an interpleader. *AAR, Inc. v. Century Inv. Grp., LLC*, 2008 WL 5264265, at *2 (E.D. La. Dec. 17, 2008) (citing *Usry v. Price*, 325 F.2d 657, 658 n.1 (5th Cir. 1979)). Federal courts have original jurisdiction over interpleader actions under 28 U.S.C. § 1335, which provides the following:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such

---

[5] R. Doc. 92 at 1 and ¶ 2. $21,560.18 is the difference between the alleged award of $23,099.23 and the alleged appeal costs of $1,539.05.
[6] R. Doc. 92 at 3.
[7] R. Doc. 92-1.
[8] R. Doc. 93 at 1.
[9] R. Doc. 93-2.
[10] R. Doc. 92 at ¶ 2; R. Doc. 93-2 at ¶ 2.

> amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335. Thus, for this court to have original jurisdiction over the interpleader, Plaintiff must establish, *inter alia*, minimal diversity among the claimants. *See*, *Auto Parts Mfg. Mississippi, Inc. v. King Constr. of Houston*, 782 F.3d 186, 193 (5th Cir. 2015) (noting § 1335's "minimum diversity requirement."); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (§ 1335 "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.")).

The Concursus Petition does not adequately allege the citizenship of the claimants for purposes of determining whether minimal diversity exists. A corporation is a citizen of its place of incorporation and its principal place of business. *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of a limited liability company which is

also a limited liability company.  *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).  Finally, with regard to individuals, [f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).  Here, the Concursus Petition has not adequately alleged the domicile of the defendants.[11]

Accordingly,

**IT IS ORDERED** that the Ex Parte Motion to Withdraw/Strike Previously Filed Pleadings, and Substitute Attached Pleadings for Same[12] is **GRANTED.**  The Clerk's Office is instructed to substitute R. Docs. 92, 92-1, 92-2, 92-3, and 92-4 with R. Docs. 93-2, 93-3, 93-4, 93-5, and 93-6.

**IT IS FURTHER ORDERED** that the Petition for Concursus and for Leave to Deposit Funds in the Registry of the Court[13] filed by George R. Tucker, individually and on behalf of Tucker Law Firm, is **DENIED without prejudice** to re-filing the pleading as a new civil action of interpleader that properly alleges the requirements for this Court to exercise subject matter jurisdiction under 28 U.S.C. § 1335.

Signed in Baton Rouge, Louisiana, on June 26, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] To the extent there is not diversity of citizenship between two or more claimants, subject matter jurisdiction to maintain this action does not exist pursuant to 28 U.S.C. § 1335.  Without some other basis for subject matter jurisdiction, this action could not be brought in federal court.
[12] R. Doc. 93.
[13] R. Doc. 92.